## Bass v. Louisville & Nashville Railroad Company.

(Decided November 30, 1926.)

### Appeal from Logan Circuit Court.

1. Judgment—Errors in Original Action do Not Afford Ground for Vacating Judgment and for New Trial in Suit Therefor.—In suit to vacate final judgment and for new trial, errors in original action will not be considered, since they were subject to correction on appeal and not otherwise.

2. New Trial—Newly Discovered Evidence Held Insufficient for Jury as to Who Assaulted and Injured Railroad Employee, so as to Justify New Trial.—Newly discovered evidence held insufficient for jury as to who assaulted railroad employee, so as to justify new trial of personal injury action in which he had alleged that he was injured by striking shopman.

3. Evidence—Statement of Injured Employee, After Injury, Naming Negro who Assaulted Him, Held Inadmissible, as Self-Serving Declaration and Not Part of Res Gestae.—Testimony that railroad employee told witness shortly after injury that negro assaulted him held inadmissible in personal injury action against railroad, as self-serving declaration and not part of res gestae.

4. Master and Servant—Railroad Held Not Liable to Employee for Fellow Employee's Assault Unless Wrongfully Made.—Railroad held not liable for personal injuries of empoyee who was struck and injured by another employee unless assault was wrongfully made.

5. New Trial—One Asking New Trial for Newly Discovered Evidence Must Name Witnesses, Show Vigilance, and that Material Facts Not Merely Accumulative were Discovered After Trial.— When newly discovered evidence is basis of new trial, names of witnesses must be set out, and that party has been vigilant in preparation of case, but that material facts relied on were discovered after trial tending to prove facts not directly in issue in first trial or not known or investigated by proof, and that new evidence is not merely cumulative.

6. New Trial—Newly Discovered Evidence, to Warrant New Trial, Must Render Different Result Reasonably Certain.—Newly discovered evidence, to warrant new trial, must be of substance and relative consequence, and of such character as to render different result reasonably certain.

R. W. DAVIS and HUBERT MEREDITH for appellant.

S. R. CREWDSON, ASHBY M. WARREN and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Bass, was a boilermaker by occupation in 1922, when the strike came on among railroad shopmen. He was employed by appellee, railroad company, at its shops at Russellville, and worked in the roundhouse or back shops. While so engaged he was struck on the head, as he claims, by a striking shopman and suffered permanent injury, disabling him for the pursuit of his regular occupation. With the injury as a basis for his cause he instituted this action in the Logan circuit court against appellee railroad company to recover damages, averring that at the time he was employed the company agreed and obligated itself to protect him from any violence from striking shopmen, and agreed to put on and keep a sufficient number of guards to protect both its employes and its property from violence or destruction at the hands of strikers, and appellant, relying upon these assurances of protection, accepted employment with appellee company, and but for such assurances would not have entered the employment of appellee. By amended petition he avers that, prior to his employment by the company in the shops and continuously while he was in the employment of the company and subsequently thereto the strike was continuously in force and many men, former employes of the company, were out of employment and new men had taken their places, and that, therefore, there existed great confusion and anger among those who had lost their places with the company, and they were threatening to do violence to the new men who had taken their jobs, all of which was known to the railroad company and those in charge of its shops and work, and it was also known to the company and those in charge of its shops and yards that the work was dangerous unless there was a sufficient number of guards to protect all

employes, and notwithstanding this the company failed
to properly guard and protect its employes and failed to
keep a sufficient number of guards on duty, and by reason
of such failure appellant was exposed to danger and was
assaulted and injured as set out in the original petition.
All the averments of negligence on the part of the com-
pany were put in issue by the answer, and the case went
to trial. At the conclusion of the evidence for the plain-
tiff the railroad company moved for a directed verdict in
its favor, which motion was sustained by the court over
the objection of the plaintiff, and the jury was instructed
to find and return a verdict for the railroad company,
and this was done. Judgment was entered pursuant to
the verdict and the plaintiff prayed and was granted an
appeal at the February term, with time until the May
term of the Logan circuit court in which to prepare and
tender his bill of exceptions and bill of evidence. No bill
of exceptions or bill of evidence was tendered, and judg-
ment became final. In September following, the appel-
lant instituted an action to vacate the judgment and for
new trial on the ground of newly discovered evidence.
Later he amended his petition, reciting all the facts with
reference to the former proceedings, the evidence heard,
and that which had been discovered since the trial. Issue
was joined and the case prepared by the taking of evi-
dence. When submitted the trial court dismissed the pe-
tition for new trial and this appeal results.

Appellant in his statement of appeal says the judg-
ment will be found on page 74 of the record, but we find
on page 74 of the record the judgment in the original
case and not the judgment in the case from which he
prosecutes the appeal. Much of appellant's brief is de-
voted to a discussion of the alleged errors in the trial of
the common law action. Such errors do not afford gounds
for new trial in this kind of proceeding. If the court
erred in the first trial, as contended by appellant, the
error was subject to correction on appeal by appellant
only and not otherwise. Coffey v. Proctor, 14 Ky. Law
Rep. 415. The appeal now before us is from a judgment
refusing a new trial.

Appellant insists that the lower court peremptorily
instructed the jury to find against him in the common law
action because it was of opinion that appellant had failed
to prove that he was assaulted and injured by one of the
striking shopmen, and the petition for new trial was filed

upon the theory that appellant had discovered since the first trial new evidence establishing the fact that he was struck by one Moore, a striking and discharged employe. To support the averment of discovery of new evidence showing who assaulted and injured appellant, a witness named Morgan was called who testified that he was employed at Russellville shops in July, 1922, and was in and about the shops until June 15, 1923; that he knew appellant, Bass, and a negro by the name of Gomer Moore. He further stated that he was in the shops on the night appellant Bass was hurt.

"Q. Tell what you know about his being hurt?

"A. Well, he was working on an engine there in the roundhouse, and I went out of the roundhouse into the shop, and when I came back Mr. Bass was sitting up with his head in his hands, and I asked him what was the matter, and he said a negro had hurt him.

"Q. What negro did he say?

"A. Gomer Moore.

"Q. Had you seen this negro, Gomer Moore, pass through the shops where Bass was?

"A. I saw him some time, I don't remember just the length of time, pass from the corner of the sandhouse towards the roundhouse.

"Q. About how long before Bass was hurt?

"A. I don't remember just what time, some little bit, I'll say an hour or so. I had been in the habit of seeing him around there, and paid no special attention.

"Q. Did you hear this negro make any statement about quitting work and why he was going to quit work?

"A. I heard him say just a few nights before that when I told him I was quitting on the 15th, that he was going to quit working with a bunch of scabs."

The evidence of another witness named J. C. Bass is also relied upon by appellant as tending to prove who struck him, but this witness only stated that he was in Russellville on Sunday night after appellant was hurt on Thursday night, and that he had a conversation with Milton Smith, one of the employes of the railroad company, about the assault on appellant. The evidence of

the witness Morgan, copied above, does not prove who assaulted and injured appellant, Bass. It is true that the witness testified that after he had been out of the roundhouse for some time and returned to his place of work he saw appellant Bass "sitting up with his head in his hands," and he asked him what was the matter and received the reply, "a negro hurt me." To the question as to what negro injured him, he answered, "Gomer Moore." All this testimony is objected to by the railroad company. Clearly it was incompetent. It is not a part of the *res gestae*, but of the nature of a self-serving declaration. Moreover, if it were competent it does not prove the fact it was intended to establish, but goes no further than to show that it was the negro, Gomer Moore, who inflicted the injury, but how or why it does not set out. Neither does it show that Gomer Moore was one of the strikers. Indeed, it shows the contrary, for it seems that Moore was then in the employ of the railroad company. Even though he struck and injured appellant, the railroad company cannot be liable under the averment of the petition as amended unless the assault was wrongfully made by Moore. If appellant assaulted Moore and Moore, in defending himself, struck and injured appellant, it could not be claimed that the railroad company would be liable to appellant even though Moore was a striking employe. There was no evidence tending to show how Moore came to injure appellant, if he did injure him, or why he did so. All that evidence should have been excluded, but if admitted and construed in its strongest light it falls far short of supplying the necessary link in the chain of evidence to make appellant's case complete. It amounts to no substantial evidence upon the question of who, if any one, assaulted and injured appellant, and the court did not err in holding that the appellant had not shown himself entitled to a new trial.

When newly discovered evidence is the basis for a new trial the names of the witnesses who are to give the evidence must be set forth, and that the plaintiff had been vigilant in the preparation of his case but that the facts relied upon were discovered after the trial and are material to his case, proving or tending to prove facts which were not directly in issue on the first trial or were not known or investigated by the proof, and that the new evidence is not merely cumulative. Newly discovered evi-

dence to warrant the granting of a new trial must be of substance and relative consequence and of such character as to render a different result reasonably certain. It was not so in this case.

Judgment affirmed.